Case number 417-0414, the people of the state of Illinois v. James Hughes. For the appellant, we have Mr. Wozniak. And for the affilee, Mr. Manchin. You may proceed, counsel. Good afternoon, Justices. May it please the Court, Counsel. My name is James Wozniak. I work for the State Department Defender's Office. I'm from the 3rd District. This is my first time before this Court. And I represent the petitioner in this matter, Mr. James Hughes. Your Honors, I have appeared before you personally here in court. Unlike Mr. Hughes, who has denied his right to personally be in front of the Circuit Court on the State's motion to dismiss his 2101 petition. Counsel, at any point prior to the actual hearing taking place, did your client ask to appear in person? There is nothing in the record where he personally asked to appear in person or objected on the record to the attorney by telephone. And he previously participated in proceedings via telephone, is that correct? Yes, Your Honor. Your claim is it was a vile due process for him to not be permitted in court when this hearing occurred? Correct. What process was due in the context of the 214-01 petition he filed? Well, this is a civil proceeding, Your Honor, and the fundamental kind of due process is for a party to be allowed their day in court and to, in the laboratory here, actually be in the court. Was this his second 214-01 petition? He had filed a previous 214-01 petition on his direct appeal. It was pending. That was also dismissed, I believe, in 2015 before the ruling on his direct appeal. And if you'll recall, the issues we brought forward in that 214-01 petition were related to jury instructions, which was the right to raise on the evidence. A yes would suffice, counsel. The issues raised here, Your Honor, were never raised in any of those. Well, that's not my question. This is his second 214-01 petition. This is his second 214-01 petition, correct. He's currently serving a 28-year sentence and has, what, another 10, 15 to go? Correct. It was sentenced in 2015, and this is a 85-percent sentence. What prison was he in when he filed this petition and where the phone conversation, phone hearing was held? I don't recall, Your Honor, which prison he was in when he filed the petition. I know the notice of the hearing the state sent for the May 1, 2017 hearing. It indicates which facility he was in. I can't recall how many heads which facility that was. I'm not sure. It might be sticking in my head at that point. 214-01 is severely limited in when relief is available to a convicted criminal, is it not? Yes. Leaving aside the procedural issues which you raise, is there anything in this 214-01 petition he filed which even colorably could have led to relief? Well, first, what we're asking this court is to not reach the merits of the petition. See, counsel, that's why I phrased my question. Leaving aside for the moment any of the procedural issues you raised. Mr. Hughes raised a number of issues in this 214-01 petition. He specifically argued two of those issues at that May 1, 2017 hearing. When the court dismissed the petition, found this petition was not kindly filed, he specifically addressed those two issues that he raised as not having any merit. The court did not address each and every one of Mr. Hughes' issues. Well, let me ask you. The Vincent case, the Supreme Court says, leaving aside the fact that it's two years is the time period. Relief under 214-01 is predicated upon proof by preponderance of the evidence of a defense or claim that would have precluded entry of the judgment in the original action and diligence in discovering, in both discovery of the defense or claim in presenting the petition. If you're familiar with this petition, what claims therein met those criteria? I'm familiar with this petition. I don't know what issues would meet that criteria. Well, I appreciate your candor. That's the question I've asked, and I was curious. The next question is this. In the event a hearing were held and the defendant were brought from prison for the hearing and the trial court ruled against the defendant after that hearing, what limitations, if any, would there be on the defendant's filing another 214-01 petition? Your question is, Your Honor? I'll repeat it. Yes, please. Let's assume on the very petition now before the court, this court and trial court, and the trial court had ridded the defendant petitioner out of prison to Salem County, so a hearing could be held on the petition. The hearing is held, and the trial court rules against the defendant, and he goes back to prison. What limitations, if any, would there be under those circumstances on his filing a subsequent 214-01 petition? I don't think there would be anything that would limit him filing a subsequent 214-01 petition. And if he were to file another 214-01 petition or another or another, because I think you're right, there are no limitations, each time he did so, is my understanding correct that your argument is he has a constitutional right to be brought from prison to the court where the petition was filed to personally argue that petition? I would not be arguing that in that position. I'm arguing it with this one. Well, I understand this is, we're already dealing with the case before us, but I'm trying to figure out where the parameters are, counsel. In the event we agree with you in this case, why wouldn't such a decision that there's a constitutional right to appear on a hearing on a 214-01 petition apply to any and all subsequent petitions as well? I think what we would, the facts here are similar to what this court decided in Bradley where they reached the merits, and that one I believe was the first 214-01 petition. And yes, this is the second one for Mr. Hughes, but it was the first time he's raised any of these specific arguments. This court, I suppose in a big person, is a frequent user of this court. The term is frequent filer. Frequent filer, yes. Or I suppose in the court's mind, you see that the petition itself is abusing the court's dockets that could potentially find, although I still think this would be error, to not have him be personally present. But not reversible error, really? Yes. Well, I'm trying to, if the Constitution requires his presence, then the trial judge is going to not commit error intentionally, but have to abide by the constitutional requirements if we find one. So is there any technical reason you can see, or want to advise us, on why if there is a right, constitutional right, to be present in Sengaman County for this hearing on the 214-01 petition in this case, why there would not be a similar constitutional right for any subsequent 214-01 petitions he might file? I don't know if there would be a limitation. My concern would be is if we draw a line, what stops, this is a 214-01 civil proceeding, so if Mr. King says there is a right to file a lawsuit against the state, or the prosecutor, or the police, or any number of reasons that would bring him back to court in Sengaman County, or any other county in the state, for that matter. And even if he has filed 18 214-01 petitions, but files a civil litigation, I don't think that this court should say, well, it's a violation of the due process right. It should prevent him from being able to be brought before the court to have his day in court. Because the court has other remedies for someone, let's say, 315. What are they? What are they when he files a 214-01? I want to hear a hearing. I want to be there. And you're Judge Wozniak. And Judge Wozniak thinks this is a bad idea. What are you going to do? On what I think the due process requires on a substantive hearing, what Rule 185 requires is that on a substantive hearing that that person needs to be brought before the court. So Judge Wozniak in the second, third, and fourth petitions is going to say, well, gee, my hands are tied. I'm going to require he be written out of the penitentiary? On 214-01, you're going to have most likely to say he's going to file a motion to dismiss. So you're going to have a substantive hearing on that motion. And the defendant wants to be there. And I think the defendant has a right to be there. Okay. On the third and fourth and fifth ones in your courtroom as well? Because he's a constitutional right. Well, would it be correct to say that he's sitting in the joint and he's not happy and he's got a lot of time on his hands? Would that be a fair assessment? I can't speak to police reviews, but I would assume most people have a lot of time. Would that be a fair inference from this record? Yes. Okay. So, and it's a pleasant day trip away from Western Illinois Penitentiary, wherever he is. Gee, you know, you can go back and see the countryside, go back to Springfield, enjoy a trip there, maybe see some family and friends in court who are there for my hearing. And, yes, I filed a totally groundless, frivolous motion that has no basis, no colorable basis to proceed. But, by God, I want to have a hearing. I'm entitled to it. Are we providing any disincentive for that sort of thinking, if we were to agree with you? I don't think so, because that's putting Mr. Hughes in a different class of litigants. There's all sorts of people who are going to be frequent fliers in the court system who are not in custody. Well, but this is different. And, as a matter of fact, we have, this court has addressed the problem of the frequent filers and both imposed sanctions and told the clerk, don't accept any more filings. Now, I'm not sure how that works at the trial level with a 214-01. But, even so, when, that would be one step beyond. But, how about just not permitting him to say, I want a day trip to Springfield whenever he happens to file on it? And, to be more specific, you talked about Rule 185. Yes. Can that really be the only authority that a trial court has to govern the court's courtroom? No, I believe not. So, why, in other words, the argument is, well, this applies only, here's your argument, only if a party makes this request. Well, the state didn't. Why can't the courts respond to say, I'm not going to rip this guy out, because this is, there's nothing in this petition that requires his presence or will be helpful. And, I don't think it's good policy to rip him out, leave aside the expense. I think we're rewarding bad behavior if we rip him out here and come here. So, in the exercise of my discretion as a trial judge, I'm not going to do it. And, I'm going to call him up and say, you'll have a chance to be heard on the teleconference over the telephone. And, maybe, I suppose if I want to be doubly safe as a judge, I'd say, if there's some reason why you think you actually have to be personally present to make this argument, or present what you want to present, I'll take that first. And, we'll hear what that is, and maybe I can change my mind. Doesn't a trial court have the inherent authority to govern the court's proceedings to do this? I think they do govern by the rule, because in that scenario. So, 185 is the only means? If 185 didn't exist, I'd have no authority as a trial judge to so limit litigation from prisoners and their personal appearance? There would be no guidance, there would be no rules. See, that's why I chose my word carefully. I'd have no authority. I don't have the inherent authority as a trial judge to do this. I think my argument would still be the same. So, my question is, does a trial court have the inherent authority to govern the court's courtroom to say, I'm not going to require the presence of a prisoner to be brought from wherever he is in the state of Illinois for a hearing for a matter such as this. Maybe make a, your careful judge, make a record that this all appears to be frivolous and grovelous in any event, and rewarding him with a day trip is bad policy, I'm not going to do it. A trial judge doesn't have that inherent authority? I think that authority would be inherent. See, my question is, does the trial court have that inherent authority? I think that calls for a yes or no answer. Yes, I think the trial court could mandate that Mr. Hughes, on the outside of the state's motion or the notice here, this court's presumption of hearing by phone. I'm exercising authority that he appears by phone, but I still think that would violate Mr. Hughes' fundamental due process rights. Counsel, that's basically the starting point, whether or not this was a violation of due process, right? And you agree that if it was not a violation of due process, then there is no merit to the claim? Correct. Is it your position that due process requires that a person be present, that it's just cut and dry? You have a hearing, you're entitled to be there in person, is that your position? No, not on every hearing. Well, do you agree that this is a flexible concept as it's described in the case law, due process? Yes. And it's based in a meaningful opportunity to be heard? Yes. And noticed? Yes. He had notice. He did have notice of hearing. He was heard by the trial court. He was heard other than part of the phone call. Well, and they reconnected the call and they continued. Was there any indication that his presence, his lack of presence at the courthouse, prevented him from presenting something that the trial court needed to know in resolving this petition? There's nothing in the record that shows that. But I guess it gets to the fundamental question and purpose of the courts. I mean, what if this had been a lawsuit? This is not a 214-1. Was he hindered in any way in his ability to perhaps subpoena a witness? There's nothing in the record that he was attempting to subpoena a witness, but him not being physically. Some of his claims, there were some attachments and exhibits that he put. But his lack of presence, in what way did that prevent him from subpoenaing someone if he wanted to? He could have issued a subpoena or asked the court to issue a subpoena without him being present at the house. So what is it about the fact that he wasn't present, other than the fact that he wasn't present, that demonstrates a violation of due process? Well, Mr. Hughes was operating his own counsel as well. He was representing himself here. So, and the state's notice or the hearing said that counsel was going to appear present in court, but Mr. Hughes not. What the state did here is they had the ability to use this as a sword, saying, I'm going to force Mr. Hughes to appear by telephone. The state gets all of the advantage of appearing in person, making an argument, presenting whatever documents they can to the court because they're physically there during the argument. How was your client prohibited from doing any of those things, other than literally being the person to pass it up? Well, I think that it goes to just being able to communicate and communicate effectively. A person has an advantage to convey everything in their message by standing in front of the person, their body language, their inflection, their voice. He didn't have that ability by being on the telephone and the telephone being cut out. Is it your position that because the phone cut out, there was some evidence that the trial court did not receive? I don't. There's nothing clear on it. It's because on this sentence, when Mr. Hughes is making an argument, they didn't reconnect. And your client doesn't indicate that, you know, there's something I didn't get to say, or? Counsel, you will have more time on the buttock if you so desire. Thank you. Mr. Manchin. Good afternoon, Your Honor. Counsel. The defense's full claim rests on the premise that he has an absolute right to be present. That is not correct. The case law is clear that a lawfully incarcerated person loses some of their constitutional rights and political rights, and the right to appear at the civil court proceeding is one of those rights as well. So there is no due process right on the part of the defendant to be personally present at a 214.01 hearing. The case law says there's no constitutional right for a defendant to appear personally in proceedings under the Post-Conviction Act. So why does a 214.01 defendant have the right to take a vacation from jail, to take a day trip to court? There is no such right. Mr. Manchin, you've been doing this a long time, and my question is, to what extent are any of these concerns I raised with Mr. Wozniak, that you're now addressing, to what extent do you see this? I'm curious, is the 214.01 in particular, are we seeing instances where trial judges don't understand the rules in this, don't understand what limitations there might be, and in fact, do you have records or experience to show that we are having petitioners in 214.01 situations in particular abusing this circumstance or findings? I have had cases where the defendant has filed six or seven different 214.01 or Post-Conviction petitions, and every time there's hearings of the law, and it comes up here again, the only sanction available appears to be either not letting him file or a fining him for filing the... In those cases, and I apologize, I should have been more specific, that's a bad situation. But it's even worse if you've got a guy who's filing a petition in 214.01 in St. Luck County, and let's say he's got to be brought from wherever, Danville. That's where he's in prison, and we now have this Maytrip. Do you know, and does the records you looked at show that this is an ongoing thing, where those hearings, the defendant was personally present? Most of the cases I have seen, particularly recently, have been done in the same way, where the defendant appears by telephone, and nobody objects, and the trial court rules on the motion to dismiss, saying, okay, there's no basis for contrary. So, okay, we need evidentiary hearing, and then we decide whether or not the defendant has to be depressed for the evidentiary hearing. So were we to take the position of opposing counsel, would you agree that would be a stark departure from what most trial courts are doing? If not all, I hate to say all, but... I think it would definitely be a stark departure. The 185 is designed for this type of situation, and the cover book also has provisions for allowing an incarcerated defendant to appear via teleconference. Where are those, and what are they? Isn't that for arraignments? Yeah, it is for arraignments primarily, but they also use them for other... Initial appearances. Initial appearances, and that kind of thing. So this is a common thing to say, okay, this type of hearing, we don't need the defendant present. The defendant here, this is not a Bradley situation. Bradley, this court, got the state's motion to dismiss, and ruled on that without giving the defendant the opportunity to respond. So the defendant here had the opportunity to respond, both in writing and then at this hearing. There is no indication that the defendant's arguments were cut off by the court other than in his admonition. Please don't disagree with me. And I've heard that court say that to me and to other people as well. Well, let me ask you this then. To what extent, you mentioned 185. 185 doesn't really seem to address this. To what extent does, or as the question does, or should the trial court have the inherent authority to so order? I guess judges must think they do. That's what they're doing, huh? I would think that the courts would have the authority. They have the authority to control the docket, the authority to control the courtroom, and to say, okay, we'll just do this by telephone, seems to be well within their discretion and authority. They can ask the defendant, okay, is there some particular reason you need to be physically present in court? And then I can rule on that particular thing. Here we have a defendant who filed 1214 of this petition. It was denied after a telephone conference. He files a petition for some kind of discovery or testing, raising questions about the knife. Again, that's all dealt with in telephone conferencing. He then files his 214-1 petition. It's called for a hearing. He presents his argument. The court says, I'm not going to rule on that. We first have to address your claim of judicial bias in my part. So we have to sit back for another telephone conference where the defendant argues that the trial judge is a pious individual. Then it comes back for this hearing, again, read up for. And the defendant never objects, never makes a claim, I want to be physically present. There is no absolute right for an imprisoned defendant to be present at trial. In fact, in my brief, it's a federal case. It is at trial. Yeah, at trial. At a hearing such as this. I cite one case in my brief. It's federal courts. It's not binding on the court. But I think it is intriguing because there they allow the entire trial to be held for a civil trial. To be held with the defendant present by telephone or by electronic media. I asked Mr. Wozniak also if there was any limitation on the number of 214-1 petitions. Unlike the Post-Conviction Petition where you have to make some kind of showing before you can file a second or third or fourteenth. In 214-01, there is no limitation. So, by parade of horribles of seriatim 214-01s, I want to go back. It's been a month or so since I last visited Salem County. I want another day trip. There's no reason why, under the statute, that couldn't occur, is there? There's no reason why that couldn't occur, correct. And there is simply no constitutional requirement that a defendant be brought from jail to argue this type of motion. Particularly where, here, there is nothing the defendant could have said or argued that he didn't argue on the phone. And there's nothing he could have argued either in person or on the phone that would provide any merits to his claims. Or any basis for 214-01 relief. This petition raises questions. The primary claim in this 214-01 petition is that the defendant is questioning whether or not the knife that was introduced in the trial was actually the one used in the offense and whether or not the knife was the correct length or not. The information regarding the doubts or questions about the length of the knife are matters of record that were known at the time of the defense trial. Known at the time of the defense appeal. Known at the time of the defense initial 214-01 petition. Known and raised in this other motion the defendant raised regarding his request for testimony. So, 214-01 relief is simply unavailable to the defendant. So to say that, okay, he's got an absolute right to be present to argue meritorious, unmeritorious claims is a misuse of the resources of the court and the state to have to take the expense of transporting not only the defendant but the prison guards. How many 214-01s does your office have a key in the city? I, off the top of my head, I couldn't tell you. I know that just this year I have handled probably 8 to 10 cases involving 214-01 and post-conviction. So is that a random selection, a random, within one guy in the 4th District's app? Correct. And if you know to what extent were any of those cases in the 214-01 hearings, if hearings were held, I guess they need to be, where the defendant actually was present personally. Do you recall any? I do not recall any other than ones where there was evidence presented where the defendant's claiming actual evidence based upon newly discovered evidence. You've been doing this again a long time, as I said earlier. How many 214-01s do you recall which were ever successful in the trial of 111? Very few. Maybe 2%. And usually the ones that have any chance of success are all of these newly discovered evidence where you have a witness who comes out from Wisconsin who says, 10 years ago I saw this, but no, I never told anybody about this before. But not for something like this where the defendant is raising matters that were matters of the record at the time of the trial and known to the defendant long before he files his petition. So there simply is no absolute right to presence. I cite many cases in the brief to that effect, that when you're in prison you lose some of your constitutional rights and the right to appear personally in civil proceedings is one of the rights. So I submit that there was simply no error in the manner in which this was held by telephone where there were two or three brief interruptions and each time the defendant was allowed to speak and start out his argument right where he left off. There's no indication that the technical difficulties prevented him from presenting anything. This is not a case where he has to be presenting anything to the court physically because everything was already there with his brief, with his motion, with his argument, with all of the documents he has attached to his affidavits. So there's no need for him to physically hand it to me. There's no need to subpoena witnesses because this is just simply a motion to determine only I ask Mr. Wozniak, and I appreciate his candor about what, if we reach the substantive merit, the lack thereof of any of the underlying allegations, what there was that could meet the standards set forth in Vincent. There's really nothing. I suppose the question is to what extent should this or can this serve to inform a trial court when deciding what sort of hearing to conduct? I think it should be considered by the court. If there is something the defendant raises that looks promising, maybe you don't have the telephone conference. Maybe you have the telephone conference and ask the defendant more about that particular issue. There's been some reference to the presentation of evidence, but I take it that your experience and I think the experience of this court in 24801 has essentially been hearings on motions to dismiss at which there would be no evidence to be presented. There would be arguments based on legal analysis, would it not? Yes. And the state's argument at this particular hearing was to say exactly what he had said in the motion to dismiss and nothing more. So if the prosecutor had any advantage by being there in person, he certainly didn't take advantage of it because all he did was compare it to what he had said in his motion to dismiss without any further elucidation or explanation as to what he meant in his motion to dismiss. So there was clearly no denial of due process here. The defendant had the full opportunity to appear and he did not have the absolute right to appear in person. And the procedure used in the telephone conference was adequate to allow him to present whatever he wanted to present to the court at this hearing in motion to dismiss. Thank you, Eric. Thank you, counsel. Any rebuttal, Mr. Wozniak? Justice Oldroy, to your question about what due process or what was denied, excuse I have not physically been there, I'd ask that you take a look at the Brandt case that I cited in my opening group, the facts of that. What they were called was a husband and wife suing a cavern. The wife was a witness. She was asked to be outside of the courtroom, excluded from being in the courtroom. And the court found that she was denying her right to due process as being one of the plaintiffs. How is that analogous to this situation? In that case... In that case, she was there at the courthouse. She was a party to the case. But she was improperly excluded. So there was evidence she did not hear that took place while she was outside and before she was allowed in. There was nothing specifically pointing to what she missed. Okay, but this is my point. What portion of the evidence does your client not hear? There's nothing in the record that indicates anything. There's nothing that he said that I missed something or that I want to present. There was a court reporter obviously transcribing what was said. We have to make the assumption that it was transcribed correctly. I'm just driving down here talking to my fiancée. I said, I made a pit stop, and she heard it as, I'm picking the stuff up. So there's ways that a phone may not be... How did you find out that she didn't hear what you thought she heard? Well, she called me back later when I left the message. She said, what stuff were you picking up from someone? Any indication in this record that there was some miscommunication or that someone misunderstood? No, there wasn't. You argued 185 extensively in your opening. Yes. So we're clear it's not just a due process violation, but even if it wasn't due process that requires presence, you're arguing it was a violation of Rule 185? Yes. Because the court did not have parties excluded seeking to have the phone conference? Correct. The way I say 185 should be interpreted is the whole party should agree to having a telephone conference, not one party. But in the least, it should be the party that's saying, I want a telephone conference. They're the ones getting my telephone. And what language in the rule suggests either of those interpretations? The committee notes to Rule 185... There is nothing explicitly in the rule itself that says that both parties, that does say one party can request a telephone conference. Here the state requests that a telephone conference work with the other party, not for themselves to appear by telephone, to mandate that Mr. Hughes appear by telephone. And, Justice Feigin, to your question about the court's authority to mandate that someone appears by telephone, if you have a civil litigant that's not in custody and they show up, the state has... the other party's not necessarily going to appear by telephone, and then they show up to the court saying, oh, I'm going to be here in person, I would take a position, I don't think that this court would take a position where the court would say, no, no, no, you go out here and go into a different room and go have the telephone conference. They're here in court, in person, to show up. The only thing that separates Mr. Hughes from every other civil litigant is his custody. Well, that's a serious imposition on his rights and abilities to do what he otherwise wouldn't want to do, isn't it? Correct, but they... There's all kinds of things, subject to all kinds of searches, he wouldn't be subject to if he were a free citizen. But not access to courts. That's clear with the Teder case lays out all the... So this is the priming of access to courts and the process concerns? Yes, he's physically present in the courtroom. At this point, which was the motion to dismiss, was disposed of as civil petition in the court. So we asked that this court find that that was there, that Rule 185 is not followed correctly, that he's denied his due process rights, and that this court reverts to the court's dismissal of his due process rights. Thank you, counsel. We'll take this matter under advisement and be in recess.